25785, 25794.  KINNEY v. ATTAWAY et al.; and vice versa.

ARGUED MAY 12, 1970—DECIDED JUNE 9, 1970—
REHEARING DENIED JUNE 25, 1970.

*Webb, Parker, Young & Ferguson, John Tye Ferguson, Drennan & Brannon,* for appellant.

*G. Seals Aiken, Ben F. Sweet,* for appellees.

GRICE, Justice.  This appeal and cross appeal are from the denial of two motions for summary judgment in litigation involving the purchase and sale of a business.  Closing of the transaction was conditioned upon the terms of an escrow agreement entered into by the purchaser and the seller.

Litigation began when the escrow agent, a law firm, filed an action for interpleader in the Superior Court of Fulton County against the seller E. M. Kinney and the purchaser Mrs. Vassie B. Attaway. The complaint alleged, insofar as necessary to recite here, that the seller sought possession of the warranty deed and promissory note which were the consideration of the

sale, contending that the terms of the escrow agreement had been complied with. The complaint also alleged that, on the other hand, the purchaser insisted that the seller had made false represenations in the transaction and therefore the deed and note should be returned to her so as to rescind the agreement of purchase and sale. The complaint prayed that the seller and purchaser be required to interplead, that the court determine to whom the documents belonged, and for general relief.

The purchaser and seller filed responsive pleadings, each elaborating upon the contentions referred to above.

Following depositions, each of these parties filed a motion for summary judgment in his favor.

Thus, the overriding question which the trial court had before it was which of the parties, the seller or the purchaser, was entitled to the documents. That court concluded that genuine issues of material fact are involved as to that question.

From our study of the record we are in full agreement with this conclusion. The pleadings, exhibits, affidavits and depositions on file clearly show that there are genuine issues of material fact which preclude the grant of summary judgment for either party. These include whether there was fraud by the seller; whether the outstanding debts had been paid as required by the escrow agreement; whether the purchase and sale agreement lacked consideration; and whether the purchaser was required to make restoration of benefits received.

*Judgment affirmed. All the Justices concur.*